United States District Court
Southern District of Texas
**ENTERED**
October 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORNELL L. GALENTINE and SALLIE GALENTINE, § § § § Plaintiffs, § § v. § § U.S. BANK, NATIONAL ASSOCIATION, § AS TRUSTEE FOR SECURED ASSET § SECURITIES CORPORATION MORTGAGE § LOAN TRUST 2007-RFI, and WELLS § FARGO BANK, N.A., § § Defendants. § | CIVIL ACTION NO. H-22-1781 |

## **MEMORANDUM OPINION AND ORDER**

Cornell L. and Sallie Galentine ("Plaintiffs") filed this action against U.S. Bank, National Association (as trustee for Secured Asset Securities Corporation Mortgage Loan Trust 2007-RFI) and Wells Fargo Bank, N.A. ("Defendants").[1] Plaintiffs purchased real property using a loan later bought and serviced by Defendants. After Defendants scheduled a foreclosure sale, Plaintiffs brought this action to challenge Defendants' ownership of the Deed of Trust and alleged common law fraud. Pending before the court is Defendants' Motion for Judgment on the Pleadings and Brief in

---

[1] Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction ("Complaint"), Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, p. 4. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

Support ("Defendants' MJP") (Docket Entry No. 34). For the reasons explained below, Defendants' MJP will be granted, and this action will be dismissed without prejudice.

## I. Background

Plaintiffs purchased real property located at 16442 Sylvan Dale Drive, Humble, Texas 77346 ("the Property").[2] They took out a loan from North American Real Estate Services, Inc., secured by a Deed of Trust to the Property.[3] "[T]he Deed of Trust was assigned to another mortgagee, US Bank, and the servicer was transferred to Wells Fargo."[4] But Plaintiffs allege that "the original Deed of Trust was not assigned properly."[5]

"Plaintiffs fell delinquent on the note around three years ago because of personal hardship from their health issues and then subsequent[] loss of employment during the coronavirus pandemic."[6] "Plaintiffs attempted to mitigate the delinquency around January 2022 and [were] told by Defendants' agent that a loan modification was an option and to fill out the application for loss mitigation. Plaintiffs applied for loss mitigation but Plaintiffs were not offered any relief other than a deed in lieu of foreclosure, but

---

[2] Id. at 6 ¶ 10.

[3] Id. ¶ 11.

[4] Id. ¶ 12.

[5] Id.

[6] Id. at 7 ¶ 13.

Plaintiffs were invited to re-apply or appeal if Plaintiffs' circumstances changed. By then Plaintiff Cornell L. Galentine had obtained new employment and made more money, so Plaintiffs re[]-applied. However, when they attempted to re-apply shortly after being denied, a different agent told the Plaintiffs that Defendants were not even going to consider the application because the loan was in delinquency for over 3 years."[7]

Plaintiffs brought this action in the District Court of Harris County, Texas, on May 1, 2022.[8] Plaintiffs seek declaratory judgments on several issues relating to Defendants' ability to foreclose. Plaintiffs allege that "Defendants made, presented, or used the assignment associated with the mortgage loan with knowledge that the documents or other records are fraudulent court records or fraudulent liens or claims against the real property."[9] Plaintiffs further allege that "Defendants falsely and fraudulently prepared documents required for Defendants to foreclose as a calculated and fraudulent business practice."[10] Plaintiffs therefore seek "a determination that Defendants are liable for having failed to properly record all [assignments]," "a determination that the power of sale in the Deed of Trust has no force and effect at this time as to Defendants," "a determination

---

[7] Id. ¶ 14.

[8] Id. at 4.

[9] Id. at 7 ¶ 17.

[10] Id. at 7-8 ¶ 17.

that because Defendants do not have standing to initiate foreclosure of the property, that any and all notices sen[t] by Defendants regarding default or foreclosure be declared invalid," and "a declaratory judgment for quiet title."[11]

Plaintiffs also allege a common law fraud claim. "Specifically, Defendants committed fraud by telling Plaintiffs that they had an option of filling out a loss mitigation application, letting them fill one out, denying them any relief other than a deed in lieu of foreclosure . . . and then invit[ing] Plaintiff[s] to re-apply. . . . When Plaintiffs attempted to re-apply **just months after being denied and invited to re-apply** . . . [Plaintiffs] were told [that] Defendants would not offer any loss mitigation because the loan was 3 years delinquent."[12] Plaintiffs seek damages and injunctive relief including prevention of foreclosure.[13]

Defendants removed the action to this court on June 1, 2022.[14] Although Defendants filed their MJP on September 7, 2023, Plaintiffs have not responded to it.[15] Defendants argue that Plaintiffs' requests for declaratory judgment should be dismissed and that Plaintiffs have not adequately pleaded a fraud claim.

---

[11]Id. at 8 ¶¶ 19-22.

[12]Id. at 9 ¶ 25 (emphasis in original).

[13]Id. at 10-12.

[14]Notice of Removal, Docket Entry No. 1.

[15]Defendants' MJP, Docket Entry No. 34; Notice of Non-Filing, Docket Entry No. 35.

## II. **Legal Standard**

Pursuant to Local Rules 7.3 and 7.4, because Plaintiffs have not responded to Defendants' MJP within 21 days, the motion is treated as unopposed.[16] Failure to oppose the motion is not in itself grounds for granting the motion, however. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the motion and pleadings to determine whether judgment on the pleadings is warranted. See id.

Under Federal Rule of Civil Procedure 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [under this pleading standard], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). "The standards for deciding motions under [Rule 12(b)(6) and Rule 12(c)] are the same." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n.8 (5th Cir. 2002).

---

[16] See Local Rules of the United States District Court for the Southern District of Texas: Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

Rule 9(b) imposes a higher pleading standard for allegations of fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This "demands 'the who, what, when, and where [to] be laid out.'" Elson v. Black, 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting Williams v. WMX Technologies, Inc., 112 F.3d 175, 178 (5th Cir. 1997). "Plaintiffs must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Id.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, courts may take judicial notice of matters of public record. Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

### III. Analysis

Defendants argue that each of Plaintiffs' requests for declaratory judgment fail and that Plaintiffs have not adequately alleged a claim for fraud.

**A. Plaintiffs' Requests for Declaratory Judgment**

Defendants argue that each of Plaintiffs' requests for declaratory judgment should be dismissed.

-6-

1. <u>Defendants' Recording of Assignments</u>

Plaintiffs seek declaratory judgment "that Defendants are liable for having failed to properly record all releases, transfers, assignments or other actions relating to instruments Defendants filed or caused to be filed, registered, or recorded in the deed of records of Texas."[17] Plaintiffs do not elaborate on what documents were not properly recorded or what specific recording defects occurred. To the extent this request is based on Plaintiffs' allegation of defects in the assignment of the Deed of Trust, that allegation is conclusory. The Complaint merely states that the "alleged[] assignment of the Deed of Trust does not meet the requirements of a valid assignment."[18] Rule 8, as interpreted by <u>Twombly</u> and <u>Iqbal</u>, requires more than conclusory allegations. Because Plaintiffs have failed to allege a specific defect rendering the assignment void, this request for declaratory judgment will be dismissed.

2. <u>Defendants' Power of Sale Under the Deed of Trust</u>

Plaintiffs seek declaratory judgment "that the power of sale in the Deed of Trust has no force and effect at this time as to Defendants because Defendants' actions in processing, handling, and foreclosing of this loan involved fraudulent, false, deceptive,

---

[17]Complaint, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, p. 8 ¶ 19.

[18]<u>Id.</u> at 6 ¶ 12.

and/or misleading practices including, but not limited to, violations of Texas laws meant to protect the property records and property owners and mortgage borrowers."[19] Because this request is not accompanied by specific factual allegations and therefore fails to satisfy either the general Rule 8 pleading standard or the heightened Rule 9(b) pleading standard for allegations of fraud, it will be dismissed.[20]

### 3. Defendants' "Standing" to Foreclose

Plaintiffs seek declaratory judgment "that because Defendants do not have standing to initiate foreclosure of the property, that any and all notices sen[t] by Defendants regarding default or foreclosure be declared invalid."[21]  The only basis the court perceives for this request is Plaintiffs' allegation that the assignment of the Deed of Trust is invalid.  But as explained above, the Complaint does not identify a specific defect in the assignment.  This request will therefore be dismissed.

---

[19] Id. at 8 ¶ 20.

[20] Defendants argue that the court can dispose of this request by taking judicial notice of the Deed of Trust and the Deed Assignment to confirm the Defendants' authority to foreclose. Because Plaintiffs do not adequately plead their request, the court need not rely on this argument.  Moreover, if Plaintiffs had adequately alleged some fraud in the creation of the documents, it is not clear whether judicial notice of the documents' existence would resolve the question of fraud.

[21] Complaint, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, p. 8 ¶ 21.

4. <u>Quiet Title</u>

Plaintiffs request "declaratory judgment for quiet title, thereby voiding all documents on file indicating any interest of Defendant in the Property pursuant to the Deed of Trust, subsequent assignment thereof, appointment of substitute trustee documents and voiding any interest in the name of Defendants in the Property."[22] "The elements of a quiet-title claim are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." <u>Ocwen Loan Servicing, LLC v. Gonzalez Financial Holdings, Inc.</u>, 77 F.Supp.3d 584, 588 (S.D. Tex. 2015) (internal quotation marks omitted). As explained above, Plaintiffs' only allegations attacking Defendants' rights under the Deed of Trust and its assignment are conclusory. Plaintiffs identify no specific defect or fraud in connection with those documents. Plaintiffs' request for a declaratory judgment for quiet tile will therefore be dismissed.

B. **Plaintiffs' Claim for Common Law Fraud**

Plaintiffs allege a claim for Texas common law fraud. The claim is based on Defendants' alleged statements made in the course of Plaintiffs' applying for a loan modification. Defendants argue that the claim suffers numerous pleading defects, but the court need only address one element — detrimental reliance. The elements

---

[22]<u>Id.</u> ¶ 22.

of a Texas common law fraud claim are: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) <u>the party thereby suffered injury</u>." <u>In re FirstMerit Bank, N.A.</u>, 52 S.W.3d 749, 758 (Tex. 2001) (emphasis added).

Plaintiffs have not responded to Defendants' MJP to explain how their allegations correspond to the fraud elements. But the court must evaluate the sufficiency of the Complaint and therefore must consider whether Plaintiffs' allegations could support a fraud claim. Read liberally, the Complaint's fraud claim identifies two possible representations: Defendants' alleged statement that Plaintiffs "had an option of filling out a loss mitigation application" and Defendants' invitation, after denying this first application, for Plaintiffs to reapply if their circumstances changed.[23] The Complaint does not allege that the first statement was false, so it cannot support a fraud claim. Plaintiffs' theory regarding the second statement appears to be that Defendants implied that they would at least consider another application but had no intention to do so. The court assumes without deciding that this invitation to reapply adequately alleges a knowingly false

---

[23]<u>Id.</u> at 7 ¶¶ 14-15, p. 9 ¶ 25.

representation and that Plaintiffs adequately allege reliance in the form of obtaining new employment and reapplying for a loan modification. But even if these first five elements could be met, Plaintiffs have not identified any injury caused by their reliance. Plaintiffs do not allege that Plaintiffs' second application or their new employment contributed to Defendants' decision to pursue foreclosure. Plaintiffs' claim for common law fraud is not adequately pleaded, and it will be dismissed.

## IV. Conclusion and Order

Plaintiffs have failed to state a claim for declaratory judgment or for common law fraud. Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 34) is therefore **GRANTED**. This action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 18th day of October, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE